**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **DR. ROBERT A. KUZNER, JR.,** *et al.,* | * | |
| Plaintiffs | * | |
| v. | * | Civil Action No. RWT-14-2699 |
| **ONE WEST BANK JOSEPH OTTING,** *et al.,* | * | |
| | * | |
| Defendants | *** | |

## <u>MEMORANDUM OPINION</u>

The above-captioned complaint was filed on August 21, 2014, together with a motion to proceed *in forma pauperis*.  ECF Nos. 1 and 2.  Because plaintiff appears to be indigent, the motion to proceed *in forma pauperis* shall be granted.

The complaint concerns a mortgage obtained on January 13, 1999, its subsequent assignment, alleged default, and subsequent foreclosure.  The only named plaintiff whose signature appears on the complaint is Dr. Robert A. Kuzner, Jr.  The complaint, which is 23 pages long, seeks monetary damages against defendants based on alleged violations of federal criminal statutes, and includes allegations of conspiracies to commit banking fraud, to commit legal malpractice, and to violate plaintiffs' constitutional rights.  ECF No. 1.

Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level, which requires "more than labels and conclusions," as "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain,* 478 U.S. 265, 286 (1986)).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  "Once a claim has been stated

adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 563. The allegations in the complaint must also "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N. A* ., 534 U.S. 506, 512 (2002).

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds of the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new grounds, (2) a short and plain statement of the claim showing entitlement to relief, and (3) a demand for judgment for the relief the pleader seeks. Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

The Court has thoroughly examined the complaint and finds it does not comply with federal pleading requirements. Instead of a concise statement of facts as to the underlying cause of action, the complaint is a rambling account of banking transactions dating back 15 years with allegations of criminal activity and legal conclusions. Portions of the complaint are nonsensical and repetitive. Additionally, there is no evidence that the signatory plaintiff is authorized to file the complaint on behalf of the other named plaintiffs. After affording the matter a generous construction, the Court is unable to discern exactly how the allegations entitle the plaintiffs to relief. Nor is it clear on what grounds the jurisdiction of this Court is predicated. Under the heading "United States Federal Jurisdiction & Venues, Etc." the complaint cites several federal criminal laws, ECF No. 1 at 8-9. However, none of the laws cited provides for civil relief, and the complaint does not explain how the alleged violations of these criminal laws would entitle

plaintiffs to relief or give the Court jurisdiction over the plaintiffs' civil claims.  Under this same heading, the complaint also cites the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments of the United States Constitution.  ECF No. 1 at 10-11.  However, this Court can find no allegation in the complaint that any of the alleged actions of the private defendants has a "sufficiently close nexus between the State and the challenged action" sufficient to apply these constitutional provisions to the defendants.[1]   *See Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 351 (1974).

Even giving this *pro se* litigant every benefit of the doubt and construing the complaint as liberally as possible, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), the complaint simply cannot be read to provide any basis for relief or for this Court's jurisdiction.   Nor does it provide fair notice to the defendants of the legal and factual grounds on which the claims against them rest.  Rather, the complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, and so dismissal under Rule 8  is appropriate.  *Holsey v. Collins*, 90 F.R.D. 122, 123 (D.Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (Table) (4th Cir.1988).

A separate order follows.


October 14, 2014                                                                      /s/
                                                                        Roger W. Titus
                                                                        United States District Judge


---

[1] One of the named defendants is "United States Postal Service Vernon Robertson."  ECF No.1 at 1.  To the extent that actually names the U.S. Postal Service as a defendant (as opposed to an individual named Vernon Robertson), no other part of the complaint actually mentions the U.S. Postal Service.